## ROSA WERNER v. JEWETT & LANGWORTHY.

1. EVIDENCE—*Verdict—No Review, When.* Where there is sufficient evidence introduced upon the trial to sustain the verdict and the judgment rendered thereon, the supreme court will not reverse the judgment upon the ground that it is contrary to the evidence.

2. INSTRUCTIONS, *Not Excepted to—No Review.* Where no exceptions are saved to the instructions given in a civil action, and no other or different instructions are requested, the instructions are not subject to review in the supreme court for alleged error.

*Error from Sedgwick District Court.*

THIS action was brought by Jewett & Langworthy against Rosa Werner, before a justice of the peace in and for the city

of Wichita, on the 15th day of July, 1889. The plaintiffs claimed in their bill of particulars the sum of $271.15, for services rendered as attorneys for the defendant, attaching to their bill of particulars an itemized statement of their account for such services. The defendant filed an answer denying the correctness of the account, also pleading payment in full prior to the commencement of the action. This answer was verified. The cause was tried before the justice of the peace, and appealed to the district court of Sedgwick county. On the 7th day of November, 1890, the cause was tried in that court upon the pleadings and issues made before the justice of the peace, the same being tried before a jury. A verdict was returned for $125 in favor of plaintiffs, and on the 8th day of November, 1890, a motion was filed by the defendant for a new trial and to set aside the verdict. This motion was overruled. Judgment was rendered upon the verdict against the defendant. She excepted, and brings the case here.

*Amidon & Conly,* for plaintiff in error.

*Hatton & Helm,* and *H. G. Ruggles,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The contention is, that the verdict is contrary to the testimony, and that the trial court failed to instruct the jury fully upon the issuable facts. The services stated in the account were rendered prior to March, 1889. A receipt in full from Jewett & Langworthy was introduced by Mrs. Werner, dated the 5th of March, 1889, and it is insisted that this receipt indicates that there was a final settlement between the parties upon that date, and therefore that Jewett & Langworthy were not entitled to recover anything on the 15th of July, 1889, when they commenced their action before the justice of the peace. The receipt may be fairly construed as referring only to the services rendered in the cases therein mentioned — none others. This action did not include the services in the account receipted.

It is further insisted, that the testimony shows that Mrs. Werner paid $600 to Jewett & Langworthy before the commencement of this action, in full settlement of all their services, including those charged in their account of December 24, 1888. There is testimony in the record tending to show that fines and costs to the amount of $2,695 had been assessed against a building in the city of Wichita, owned by Mrs. Werner, on account of the unlawful sales of intoxicating liquors therein; that the building was worth about $9,000, and that Jewett & Langworthy, as her attorneys, compromised and settled the claim against the building for $600. The check was made payable to A. B. Wright, the clerk of the district court. If this check was used only to compromise the judgment and fines, then it was not applied to pay the services sued for. It is very evident from the testimony that Jewett & Langworthy rendered Mrs. Werner valuable services in compromising or settling the heavy claim against the building, and that they were entitled to pay for the same. We do not think it can be said, considering all of the evidence, that they were paid for the services from the $600 check. Therefore, upon the whole record, there was evidence to sustain the verdict of the jury.

The complaint concerning the instructions is unavailing; they were not excepted to, and no other instructions were requested. The judgment will be affirmed.

All the Justices concurring.